*503 OPINION OF THE COURT
Thomas J. Murphy, J.
This is a statutory cause of action to recover damages on account of the defendant’s alleged publication and dissemination of a written document in violation of section 394-e of the New York General Business Law. The action arises out of the alleged receipt of an Elco "Explanation of Benefits — Medical” form by John Bell the separated husband of the plaintiff concerning medical benefits paid by Elco and received by the plaintiff Mary Bell, a former employee of Elco. Plaintiff claims in her complaint that an unidentified employee of the defendant Elco caused the "Explanation of Benefits — Medical” form to be mailed to John Bell at his business address.
It appears from the plaintiff’s complaint, verified bill of particulars, and responses to disclosure that on or about August 23, 1986, John Bell received an anonymous phone call at work to the effect that his estranged wife Mary Bell had recently undergone an abortion. The caller indicated that he would send John Bell documentation to support this allegation which was received by Mr. Bell on September 10, 1986.
Defendant contends that the unauthorized dissemination of this information to John Bell did not fall within the protection of General Business Law § 394-e because the statute was only intended to apply to commercial abortion referral services.
For the reasons stated in this decision, the court grants the defendant’s motion for summary judgment.
Section 394-e (1) of the General Business Law prohibits any person, firm, or corporation doing business in this State "to furnish a report of a referral for abortional services or a report of an inquiry or a request therefor, to any person or government agency” unless such person is authorized by the statute to receive such a report.
There are two questions before this court, whether General Business Law § 394-e applies only to "commercial abortion referral agencies” and whether or not the document received by John Bell constitutes a report of a referral for abortional services or a report of an inquiry or a request therefor within the meaning of the statute.
This court has reviewed the moving papers, answering affidavits, reply affidavits, and exhibits, examinations before trial and exhibits submitted by the parties in this matter.
The defendant has relied upon the legislative history of *504 General Business Law § 394-e in support of its position. This court must also rely on the legislative history since there are no cases interpreting this section which would be helpful in deciding this matter.
The memorandum by the Attorney-General of New York State contained in the 1971 New York Legislative Annual reveals that the purpose of General Business Law § 394-e was to make it illegal for commercial abortion referral agencies such as Planned Parenthood, Inc. to furnish any information they had received from clients to anyone except those with a legitimate purpose (1971 NY Legis Ann, at 257). The court further finds convincing the statement in the memorandum (ibid.) which says: there was a "fear of possible illegal use of names and information obtained by commercial abortion referral services” on the part of the Senate Health Committee which was responsible for the enactment of this legislation. The enactment of General Business Law § 394-e was part of a larger legislative package which was concerned about the problems resulting from commercial abortion and medical referral agencies and services which were operating on a profit basis or were splitting fees with hospitals and doctors (see, NY Bill Jacket, L 1971, ch 878).
This court must strictly construe a statute which creates a new cause of action unknown at common law and cannot extend its rights and remedies (see, Young v Robertshaw Controls Co., 104 AD2d 84 [3d Dept 1984], appeal dismissed 64 NY2d 885 [1985]).
In addition, the document received by John Bell did not constitute a report or referral for abortion services or a report of an inquiry or a request therefor within the meaning of the statute. An examination of the document by the court reveals that the document is merely an "Explanation of Benefits— Medical” form published by Elco which confirms a reimbursement by Elco of certain medical expenses to Mary Bell for certain maternity and miscellaneous medical expenses paid through Elco employees’ medical-dental plan. The document does not mention the word "abortion”.
The average person reading the Explanation of Benefits document would not be able to determine what services were furnished other than "maternity”.